24-7007, United States v. Chisholm. Counsel for the appellant, if you will make your appearance and then proceed, please. Good morning, Your Honors. May it please the Court. My name is Keith Hilsendecker. I'm a lawyer with the Federal Public Defender's Office in Phoenix, Arizona, and I represent the defendant Paula Chisholm. In order to prove the child abuse count in this case, the government had to prove three major facts. First of all, that it was Ms. Chisholm who inflicted these injuries, that she did so willingly, and that she did so during a period of time that's reasonably near the Thanksgiving break in 2019. The government presented evidence that Casey had indeed been injured, severely and recently, when he was examined by a nurse on the Tuesday after Thanksgiving, December 3rd. It presented evidence that, but it presented no evidence, I'm sorry, that Ms. Chisholm injured him at any time between September 25th, the last of his well-child examinations, and December 3rd. And for this reason, the district court erred in denying Ms. Chisholm's motions for judgments of acquittal, and this court should reverse. Ms. Chisholm was the sole custodian for the child? She was not the legal custodian, and he lived in a house with many, many adults in it. His legal guardian was his grandmother, Ms. Chisholm's mother. The boy, Casey, is Ms. Chisholm's nephew. It's not a situation where the only person who was in a position to do this was Ms. Chisholm. It was, I think, assumed by everybody on both sides that Ms. Chisholm was the person who took care of him the most, because the other adults who lived in the house were either incapable, like physically incapacitated, or less involved. Ms. Chisholm didn't work. Her sister, Emily, who also lived in the house, did. And beyond that, other potential people who could have inflicted these injuries are all the other children who lived in the house. Counsel, I was trying to understand where to focus with your argument. Is it on the time frame, or is it on the identity of the abuser? Because your opening brief seems to only contest the time frame of the abuse, in terms of how you're advancing the sufficiency challenge. Right. It's both, because they're, in the way that the trial went, they're kind of related. The timing is important, because apart from the injuries that were described as fresh, as opposed to the injuries that were described as bruises or scars, that's really all of the timing that we know from the nurse's examination of these injuries. So, if the indictment focuses specifically on the two-week period that ended on December 5th, the week of Thanksgiving and the week before, and the last thing that we know for sure is that nobody observed any injuries at the end of September, there's some ambiguity here, and the jury would have been left to speculate about when all of these injuries, or any one of these many injuries, would have been inflicted. Well, there were photos in late November taken of the child, right? There were photographs of the child described at the trial, both at Halloween and in November. And there were no injuries reflected in those photographs, right? To the extent that his skin was visible, I mean, I presume he was clothed, a lot of these injuries would have been under the clothes. We don't know when... I mean, you had the injuries on his ears. I mean, his ears weren't covered up. True, but... And then on December 3rd, when the child was examined, there were fresh injuries that, including injuries that would seep through the band-aids. I mean, so it's not like, on December 3rd, it was clear that there were fresh injuries on the child. And unless there was some evidence that on November, when those photos were taken, any sort of correlating injuries, then on your timeliness issue, I have a hard time figuring out why it would not be within the scope of the indictment. In fact, within the charge time of the indictment, not just on or about, within. Because you have photos in November, late November, of the child, no injuries. And then in December 3rd, there are, and they're fresh. So, Your Honor, that still doesn't get the government over the line it needs to get to, because it still has to introduce evidence that, at the very least, Ms. Chisholm inflicted the fresh injuries that were spotted on... And as Judge Rossman pointed out, when I read your brief initially, or when I looked at the materials, it wasn't clear to me at all that your focus was on identity, that your focus was on timing. I mean, you don't have a section in your brief, do you? Maybe I missed it, dealing with Ms. Chisholm herself. Yeah, perhaps you do, but I don't recall it. I don't. I don't see how the presentation in my brief, I'll admit, is kind of short. But everything is about Ms. Chisholm inflicting the injuries during the time period. Ms. Chisholm inflicting them during the time period. Because that's what the government had to prove. Well, yes, but whether the government had to prove it or not doesn't go to whether you're challenging the sufficiency of the evidence as to a particular element. And if the particular element is timing, fine. If the particular element is the identity of the perpetrator, then there should be some language in the brief that makes it clear that I'm challenging that aspect of the government's case. And at this moment, I'm not talking about whether it was waived. It may well be. But the point is, that's not a small matter. I mean, if you're going to be challenging the sufficiency of the evidence, you've got to The heading of the argument section is there's not enough evidence from which a rational jury could conclude that Ms. Chisholm inflicted the injuries during this period. And the recitation of the facts that I include in the brief doesn't point to any evidence that Ms. Chisholm was the one who inflicted these injuries because there wasn't any presented at the trial. And the government's argument doesn't really do a better job if your criticism is accurate, Your Honor. The government's brief doesn't do a better job at that than mine does. Well, that doesn't get you anywhere. You're the appellant. So whatever the government did is, for my purposes, irrelevant right now. You're the person who's seeking relief, not the government. And I'm not getting into a hyper-technical discussion about your brief. Go ahead, make your Okay. I'm just, this is my argument. There's no evidence that the government presented to identify Ms. Chisholm as the person, as opposed to any of the other adults or children that lived in this house, who inflicted these injuries. And the government hasn't identified any. That's really what this case boils down to. And if there are no further questions, I'll reserve the balance of my time. Good morning, Your Honors. May it please the Court, Lisa Williams, representing the United States of America. The government, too, understood that this case was primarily about the meaning of honor about and the temporal nexus that that phrase had to the acts alleged. Taking a detour from that, the government would say there's more than sufficient evidence in this record to show that the defendant was the one that caused the injuries. Casey testified at trial and said the defendant was the one who beat him. Casey showed up to school on the day that the injuries were first discovered and said, defendant punched me in the stomach. And frankly, that's the end of the case. I mean, it is for, under both arguments, the jury's allowed to use reason and common sense to draw reasonable inferences. And it's not reasonable to say that Casey would be suffering injuries from a punch in the stomach that was delivered three, four, five weeks ago. And in that testimony, that was on the December 3rd when he showed up after Thanksgiving. That's correct. He shows up after Thanksgiving and he's listless and lethargic and the school officials go, what happened? And he said, my aunt punched me in the stomach. And that's the end of the case. Because he establishes that it was the defendant who inflicted the injury and that punch in the stomach is recent enough that it falls within the charge time under the indictment. Because the government doesn't have to prove specific injuries were caused or when they were caused. They did the loop abrasion that's from a belt. I mean, the festering wounds. There's a lot of other evidence of injuries that Casey suffered. But the punch in the stomach, it's a strike, which is what the indictment charged the defendant with. And that should really be the beginning and the end of the sufficiency inquiry. Was there not some basis to believe that some of the other injuries on December 3rd were also recent? I mean, the notion of blood going through the Band-Aid and all that kind of stuff? Absolutely, Your Honor. And I think that the court's point about the photographs is significant. You know, he's photographed in late November and counsel said, well, he had his clothes on. Well, he had his clothes on when he showed up to school on December 3rd also. And school officials saw that and saw something was wrong. And so simply because he has clothes on in the November pictures, they're not hiding injuries. This boy shows up that morning and school officials know he has been injured and something is wrong. Also what's telling is the testimony that there are new injuries over old injuries. So this abuse wasn't confined to a single day or a single incident. It's obvious that the abuse is ongoing. And because of that, those newer injuries, it's a reasonable inference that they fell within the two-week period charged. How should we be thinking about the fact that Ms. Sanford testified that she couldn't pinpoint the timing of the injuries? I think that it certainly would be more helpful if she had pinpointed the time of the injuries, Your Honor. But I don't think that that's the type of testimony that's necessary to time those. Again, going back to the jury instruction that said the jurors get to make inferences based on reason and common sense. When we're talking about a swollen ear, we've all had injuries. And it's a reasonable inference that swelling doesn't last for six weeks or four weeks or three weeks. That swelling is a recent injury. When we see bright bruising, the dark purple bruising, again, it's a reasonable inference that bruising doesn't stay around for five weeks or four weeks or three weeks. The recency of those injuries is reasonably inferred by the nature of them. Same thing with the festering wound type of injuries that haven't healed. I'd also like to note that B.S. testified at trial, another one of the minor children in the house. And B.S. also testified that it was the defendant that was the one that injured K.C. That B.S. said that they saw the defendant beat K.C. with a belt, which would be consistent with the loop injury that K.C. had on their body. And that B.S. had seen defendant be mean to K.C. in the past. K.C. also didn't just tell the officials at school that it was the defendant that beat him. K.C. also, when he arrived at the hospital, he said it was the defendant who was abusing him. And then, of course, at trial, K.C. testified and said it was the defendant who was beating him. So to the extent that the court will entertain the argument that there wasn't sufficient evidence that it was the defendant who caused the injuries, the government's position is that there's more than sufficient evidence that it was the defendant who caused these injuries. Moving back to the on or about argument, based on the facts of this case, as I've already argued, there is sufficient evidence that at least some of these injuries were caused within the charge time frame of the indictment. I'd also point out that there was evidence that K.C. was injured during a laundry basket incident that had caused some of the bruising. B.S. testified about that laundry incident, laundry testified, she admitted at trial that that laundry basket incident took place over the Thanksgiving break, although she denied that any abuse happened as a result of the laundry basket. But she placed that incident within the time frame of the charge and indictment. So for the facts of this case— Oh, what was her position? It was an accident? I don't remember. I believe that they were in the laundry room, and the laundry basket was up top, and it fell down and accidentally hit K.C., who was standing near her. B.S. said that she took the laundry basket and trapped him on the ground, like covered him with the laundry basket and forced it on him. But either way, there's some injuries that everyone admits happened from this laundry basket incident, and the defendant herself dated that to the Thanksgiving break. But even if the facts of this case didn't show that the injuries happened within the time period of the charge and indictment, the government also maintains that September 26, that that period is reasonably near to on or about the time frame charged in the indictment. What are the, in the government's position, are the sort of outer boundaries of the time frame that could be considered reasonably near? And I guess what I'm thinking about is, is this a categorical inquiry, or is this always going to be a very fact-specific inquiry? And what is your position on that? So, Your Honor, I think it's always going to be a fact-specific inquiry. And I did not do a 20HA letter on this, and I'm happy to file one, but the Ness opinion, which I know Your Honor, Judge Carson, is familiar with because you were on that panel, just came out on New Year's Eve. And Ness examined Charlie. It's not a lot of new law there. I mean, it reaffirmed Charlie's holding that it's a few weeks or some interval, which under the circumstances is reasonable. In Ness, Judge Federico wrote a concurring opinion, which I think lays out this proposition, that it's dependent on the facts of each case. And he mentions in his concurrence, he writes, in such a case that turns upon a memory of a child witness, the meaning of on or about or reasonably near is a different analysis than the evidentiary landscape present in Ness. Ness was a felon in possession case. They executed a search warrant at his house and seized guns on a specific date. And the issue was, you know, what's reasonably near to that specific date. But in a child abuse case, and the government would submit, or not necessarily a child abuse case, any type of ongoing abuse case where the conduct continues and it's not isolated to one instant, the court should have a more flexible interpretation of what on or about means. I think it's, especially in child abuse cases, the testimony is very common, right? That it's impossible for any of us to know with precision, every single date something terrible happens to us, when that terrible thing happens dozens and dozens and dozens of times. So in these cases, having some flexibility and expanding that time frame makes sense. It doesn't necessarily make as much sense in a case involving a search warrant, or drugs are seized, or a gun is seized, and there's an isolated one-off incident. But in this case, when you have KC Would you go ahead, and so we have a complete record, do submit a 28-J on this case? Absolutely, Your Honor. And so what we have, we have KC, and we know there's ongoing abuse, because we have the old injuries, the new injuries on top of the old injuries. So in a case like this, where there's ongoing abuse, and a child victim who is not going to be as good, and have of recalling specific dates and specific times, the government submits that the standard should be more flexible. That it is not a categorical rule, but we look at the nature and circumstance, and does it make sense? And here it does. The government's not alleging abuse that took place a year, or eight years ago. The government on September 25th, no signs of injuries. And then after that, to December 3rd, this child shows up really covered in injuries. How should we be thinking about, or should we be thinking about, for purposes of this efficiency challenge here, the acquitted charge that had a different time frame? I, you know, Your Honor, there's obviously the jury rejected the, that there was enough proof to show, to establish the ongoing child neglect. But I don't think that the rejection of that charge should weigh too much into this court's analysis regarding the sufficiency of the evidence with the the charge of conviction. I think in analyzing whether or not there was sufficient evidence that these injuries took place, and that the defendant was the one that charged them, this court should just consider the evidence of those elements on its own, and not factor in the acquitted conduct. So it's not weigh too much, it's not weigh at all. You said it shouldn't weigh too much. Then I misspoke here. Yes, you're correct, Your Honor. It shouldn't weigh at all. Just like if she had been convicted of the child neglect, and only challenged the sufficiency on appeal, the government couldn't argue, well, look, they convicted her of child neglect, so that should factor into your decision. The sufficiency of the evidence has to be measured by itself with the elements of her charge. For sure. I'm just trying to think about the different time frames, and if there's anything to that, and I understand the government's position. So, Your Honors, for all these reasons, the government believes that there was sufficient evidence to convict Ms. Chisholm, both that she was the abuser, as well as the timing issue, and if there are no other questions from the bench, the government would rest on the remaining of its briefing, and I will make sure to get that 20HA letter filed Monday when I am back in the initial presentation, but I did want to address the question, Judge Rossman, that you asked my friend at the other table. I agree with her assessment, and that was sort of the approach that I took in drafting this case. Each count has different elements, and so you look at the evidence supporting each differently, and they don't bleed together, and if the panel has no further questions. Thank you. Thank you. Thank you, counsel, for your fine arguments.